AO 106 (Rev. 04/10) Application for a Search Warrant

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

DEC 15 2017

DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas

In the Matter of the Search of )
( )
) Case No. FAY 17-136
Google Drive account's: austinm3067@gmail, )
austinmac1988@gmail, austin.j.mcmahill@gmail, )
austinplusshaila@gmail controlled by Google, Inc. )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
SEE ATTACHMENT "A," This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:
SEE ATTACHMENT "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2251/2252/2252A | Production and possession of Child Pornography |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

TFO. Thomas Wooten
*Applicant's signature*

Homeland Security TFO Thomas Wooten
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/15/17

Erin L. Wiedemann
*Judge's signature*

City and state: Fayetteville, Arkansas

Erin L. Wiedemann, United States Magistrate Judge
*Printed name and title*

ATTACHMENT C

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| **STATE OF ARKANSAS** | : | |
| | : | |
| | : | ss.  **AFFIDAVIT** |
| | : | |
| **COUNTY OF WASHINGTON** | | |

### Affidavit in Support of Application for Search Warrant

I, Thomas Wooten, a Task Force Officer with Homeland Security Investigations (HSI), being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant for information associated with Google Drive account's, **austinm3067@gmail.com, austinmac1988@gmail.com, austin.j.mcmahill@gmail.com, austinplusshaila@gmail.com**, a certain account that is stored at the premises controlled by Google, Inc. (Google, Inc.), an e-mail, file storage and synchronization service provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California 74043.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google, Inc., to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B.  Upon receipt of the information described in

Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2. Since June 2000, I have been a police officer / detective with the Springdale, Arkansas Police Department. As such, I am authorized by the State of Arkansas to apply for and execute search warrants, arrest warrants and other instruments of the court. As a police officer / detective, I have received specialized training in matters related to criminal investigation, specifically but not limited to the area of sexual exploitation of minors, drug distribution, and money laundering. Since August of 2017, I have been assigned as a Task Force Officer to Homeland Security Investigations (HSI), a component of the U.S. Department of Homeland Security. As a Task Force Officer with HSI I primarily investigate crimes related to the sexual exploitation of minors. Prior to joining HSI, I attended a 40-hour training session covering Title 8, Title 18, Title 19 and Title 21 of the United States Code. As such, I am a law enforcement officer within the meaning of Section 115(c)(1) of Title 18 United States Code, who is authorized by law or Government agency to engage in or supervise the prevention, detection, investigation and/or prosecution of any violation of Federal and State criminal law.

3. This Affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that evidence constituting violations of Title 18, United States Code, Section 2251 (Production of Child Pornography) and 2252/2252A "Possession of Child Pornography and Access with Intent to View Child Pornography" are currently present on the item described as Attachment A.

5.  There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband/ fruits of these crimes further described in Attachment B.

## DEFINITIONS AND AUTHORITY

6.  This investigation concerns alleged violations of Title 18, United States Code, Section 2252/2252A, specifically Production and Possession of Child Pornography and Access with Intent to View Child Pornography.

7.  Under Title 18 U.S.C. Section 2251, 2252/2252A it is a federal crime for any person to knowingly entice, use, coerce, or employ a minor to engage in sexually explicit conduct for the purposes of creating a visual depiction of such conduct. It is likewise a federal crime to possesses child pornography as that term is defined by 18 United States Code, Section 2256.

8.  The term "minor," as used herein, is defined pursuant to Title 18, United States Code, Section 2256(1) as "any person under the age of eighteen years."

## PROBABLE CAUSE

9.  On or about Thursday July 13, 2017, Deputy Gabe Sanders with the Izard County Sheriff's Office filed a report in reference to AUSTIN MCMAHILL (hereinafter referred to as MCMAHILL) making a video of a sexual nature, portraying him and a sixteen-year-old female (hereinafter referred to as S.H.) engaging in a sexually graphic "lap-dance." The video shows S.H. sitting on MCMAHILL'S lap moving herself up and down while moving her hips in a circular motion. In the video, MCMAHILL lifts the shirt of S.H. exposing her breasts to the camera and he uses his hands to rub her vaginal area. The video was later sent by MCMAHILL via Facebook Messenger to MCMAHILL'S ex-wife, who was identified as Valerie LILES.

Ultimately this video was turned over to law enforcement.. On or around September 21, 2017 this case was referred to the Arkansas State Police Criminal Investigation Division and assigned to Special Agent Jackie Stinnett (hereinafter referred to as SA Stinnett).

10. On October 5th, 2017, SA Stinnett applied for and obtained a state search warrant for the residence and person of MCMAHILL due to him sending the lap-dance video through Facebook Messenger. The video showed S.H. exposing her breasts to the camera and the two appeared to be having sexual intercourse in the video, even though they were partially clothed in the video. The initial search warrant was signed by 20th Judicial District Court Judge David Miller, out of Izard County, Arkansas. The search warrant was executed on October 9th, 2017 at approximately 9:55 hours. MCMAHILL was found at the residence and submitted to a search of his residence and his person. As a result of the search warrant, SA Stinnett confiscated a LG brand cellular telephone belonging to MCMAHILL for forensic processing. MCMAHILL was advised of his rights under Miranda and he agreed to speak with investigators at the time of the search warrant. MCMAHILL admitted that he was sexually involved with S.H. who was the same person observed in the lap-dance video. MCMAHILL told investigators that the "lap-dance video" was created in the parking lot of Ink Well Tattoo's, which is located in Baxter County and in the City of Mountain Home, Arkansas. MCMAHILL claimed that S.H. was sixteen-years-old at the time of the "lap-dance" video.

11. On October 11th, 2017 SA Stinnett applied for and obtained a state search warrant specifically allowing for the search of the LG brand cellular telephone that was confiscated from MCMAHILL. The search warrant was signed by 14th Judicial District Court Judge Jason Duffy, out of Baxter County, Arkansas. On October 12th, 2017 Arkansas State Police Special Agent

Ryan Jacks completed a forensic search of the LG cellular telephone by using Cellebrite Mobile Forensic extraction software. The Cellebrite report was subsequently turned over to SA Stinnett for further investigation.

12. SA Stinnett reviewed the Cellebrite report generated from MCMAHILL'S cellular telephone and observed numerous videos and photographs of MCMAHILL and S.H. engaged in various sexual acts. Several of the photographs found within the cellular telephone contained EXIF (Exchangeable Image File data) data, which included the GPS coordinates showing when and where the pictures were taken. EXIF data is a format embedded into images that is produced by all digital cameras and cellular telephones with camera functions. EXIF data contains all information about the settings used to take a picture. When the user captures a digital image the camera automatically records all information it knows about this image and saves it as EXIF data. EXIF data could also contain the GPS coordinates of where the picture was taken. SA Stinnett reviewed several photographs containing EXIF data and discovered that they were taken while S.H. was in-fact only fifteen-years-old. SA Stinnett also discovered several images of child pornography in MCMAHILL'S cellular telephone.

13. As a result of SA Stinnett's investigation, he contacted the Internet Crimes Against Children's taskforce in Northwest Arkansas for further assistance due to the child pornography found on the device. Your Affiant obtained a copy of SA Stinnett's investigative report, a copy of the cellular telephone data obtained from the search warrant and the LG cellular telephone that was confiscated from MCMAHILL.

14. On Thursday, November 09, 2017, Your Affiant applied for and obtained a federal search warrant for the purpose of searching MCMAHILL'S LG brand cellular telephone and the

contained micro-SD Card that was inserted in his telephone. On November 13, 2017, the Cellular telephone and micro-SD Card was turned over to Task Force Officer (TFO) and forensic examiner Andy Higdon for forensic processing.

15. On November 20, 2017, Your Affiant received a copy of the forensic examination data taken from MCMAHILL'S LG brand cellular telephone and the Kingston brand Micro SD Card contained within the cellular telephone. Your affiant observed numerous images of child pornography depicting pre-pubescent females between the ages of five and ten years of age, engaging in oral sex, sexual intercourse and masturbation. The following is a summary of some of the images observed:

- Filename: thumbdata3--1967290299_embedded_4580
This image depicts a prepubescent white female child between the age of six to ten years old laying on her back with her legs lifted up and her knee's folded inward. The camera is centered between the child's legs and the camera is focused on the exposed vagina and anus.

- Filename: thumbdata3--1967290299_embedded_4913
This image depicts a white female child between the age of eight to ten years old, laying on her back with an adult male's penis inserted into her vagina. The camera is positioned as to capture the child's exposed vagina and the adult male's erect penis. The child is wearing a white colored top and appears to have blonde hair.

- Filename: thumbdata3--1967290299_embedded_4918
This image depicts a white female child between the ages of six to ten years old with blonde hair performing oral sex on an adult male's penis. The head of the penis is inside of the child's mouth.

- Filename: thumbdata3--1967290299_embedded_4919
This image depicts a white female child between the age of five to seven years old holding an adult male's erect penis in her hand. The female child has dark brown or black hair and is looking directly at the camera as she holds the penis in her hand.

16. Further examination of the data recovered from MCMAHILL'S devices resulted in approximately 1500 digital images and seventy-one videos showing MCMAHILL and S.H.

engaged in oral sex, sexual intercourse and masturbation. Four of those digital images are described below:

- Filename: 20170505_175820.jpg

This image depicts a 15-year-old white female laying naked on a bed. The image is focused on the female's exposed vagina, anus and breasts. The female is using her right hand to insert two fingers inside of her vagina.

- Filename: 20170505_204541_HDR.jpg

This image depicts a 15-year-old white female laying naked on a bed with her legs spread. The image is focused on the female's exposed vagina and breasts. The female has her legs on top of a male's leg and she is looking at her cell phone in the picture.

- Name: -1362681737

This image depicts a 15-year-old white female having sex with a male. The image is focused on the female's exposed vagina and the male's penis is inserted inside of the female's vagina.

- Filename: 1795643264

This image depicts a 15-year-old white female having sex with a male. The image is focused on the female's exposed vagina and the male's penis is inserted inside of the female's vagina.

17.  Four (4) email addresses belonging to MCMAHILL were found within the forensic report, and connected to the LG model phone. Specifically, the associated Gmail accounts are: austinm3067@gmail.com, austinmac1988@gmail.com, austin.j.mcmahill@gmail.com, and austinplusshaila@gmail.com. These email addresses are all connected to individual Google Drive accounts where photographs and videos are typically stored. Due to MCMAHILL's cellular phone having the Google Drive application installed on his phone, and the purpose of said application is to store images and videos, there is probable cause to believe there are more images of the victim or potential other victims contained in MCMAHILL's Google Drive account(s). As such, your affiant is requesting a search warrant for the information stored in the Google Drive accounts associated with the above listed email addresses.

7

## BACKGROUND CONCERNING GOOGLE DRIVE

18. "Social networking" or "social network service" is a term used to describe applications or websites which focus on establishing networks or relationships among individual users based on interests or activities. These services typically consist of a personal online representation of an individual, often referred to as a profile, a list of other individuals with which a person has shared interests and has allowed to view their profile, and a variety of other capabilities, such as the uploading and sharing of images and videos. Newer capabilities allow access to the social networks via mobile devices such as cellular telephones and the upload of real-time information to an individual's profile. Most, if not all, of the social networks and photo sharing websites are accessible via the Internet and allow a member to contact other members via electronic mail (e-mail), instant messaging, or comments placed directly to a member's profile. Normally, information posted by individuals to their own or another individual's profiles are not vetted for accuracy or content.

19. Google Plus (plus.google.com, hereinafter "Google+") is an interactive, online, social networking site founded in 2011 with corporate offices located in Mountain View, California. As of June 2013, Google+ has over 500 million registered members.

20. Membership on Google+ is free to anyone. To create an account, an individual must have a Google account, either a Google email address or Google Apps[1] account. The

---

[1] Google Apps is a service from Google providing independently customizable versions of several Google products under a custom domain name.

8

individual must first login with their Google e-mail address and account password. He/She will then provide first and last name, sex, and date of birth. Once this information is submitted three optional steps are provided by Google+: 1) import friends from an existing e-mail account; 2) follow interesting people and pages (ie. Food & Drink, Lifestyle, Technology.) ; and 3) upload an image to the newly created profile to serve as the account's profile picture and complete basic profile information such as location, employer, and educational institutions. Once these steps are completed or by-passed, the profile page for the new account is available. A "welcome" email from Google will then be sent to the email account provided to Google during the registration process. Content located on an individual's Google+ profile is determined by the member, with options to include a profile picture, short introduction and other biographical details. A Google+ member can also upload an unlimited number of photos and videos, and manage those images in albums. "Circles" can be created by members that allow them to decide what types of information any person can see within that member's profile. "Circles" are an essential part of Google+. They let members group people together into categories based on relationship type (ie. Best friends, Work, Fitness, etc...). "Suggestions" is a feature where names of other possibly familiar Google+ members are provided to potentially add to circles. Google+ members can customize profile information by circles. Once a person is a part of a member's circle, additional information on that member's profile may become visible based on the privacy settings for that particular account.

21. Google+ also allows members to create "communities" that have common interests, but are not necessarily a particular person in their circle. Google+ users can create public or private "communities" and share content and posts with other members within that particular community. A member can create one of four types of communities: 1) Public -

which allows everyone to join. Community information and content is viewable by all members and can be indexed by search engines; 2) Public with moderator approval - which requires the moderator of the Community to approve new membership requests, and where the community's content is shared publicly, but limited to who can create content; 3) Private with moderator approval- which allows people to find through a search and request to join, and where membership approval is provided by the moderator and information and content is only viewable by members; and 4) Private – hidden from searches, information and content is only viewable by members, and membership is by invitation only.

22. "Photo-Sharing service" or "photo-sharing website" is a service that allows the publishing or transfer of a user's digital photo online, thus enabling the user to share them with others, publicly and/or privately. The function is provided through both websites and applications that facilitate the upload and display of images.

23. Picasa is an image organizer and image viewer for organizing and editing digital photos, plus an integrated photo-sharing website, owned by Google.

## BACKGROUND CONCERNING E-MAIL

24. In my training and experience, I have learned that Google, Inc. provides a variety of on-line services, including electronic mail ("e-mail") access, to the public. Google, Inc. allows subscribers to obtain e-mail accounts at the domain name gmail.com, like the e-mail account listed in Attachment A. Subscribers obtain an account by registering with Google, Inc. During the registration process, Google, Inc. asks subscribers to provide basic personal information. Therefore, the computers of Google, Inc. are likely to contain stored electronic communications (including retrieved and un-retrieved e-mail for subscribers) and information concerning Google,

Inc. subscribers and their use of Google, Inc. services, such as account access information, e-mail transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

25. A Google, Inc. subscriber can also store, with the provider, files in addition to e-mails, such as address books, contact or buddy lists, calendar data, pictures (other than ones attached to e-mails), and other files, on servers maintained and/or owned by Google, Inc. In my training and experience, evidence of who was using an e-mail account may be found in address books, contact or buddy lists, e-mails in the account, and attachments to e-mails, including pictures and files.

26. In my training and experience, e-mail providers generally ask their subscribers to provide certain personal identifying information when registering for an e-mail account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

27. In my training and experience, e-mail providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of services utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that

reflect usage of the account. In addition, e-mail providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the e-mail account.

28. In my training and experience, in some cases, e-mail account users will communicate directly with an e-mail service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. E-mail providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

## CHARACTERISTICS COMMON TO INDIVIDUALS WHO COMMUNICATE ONLINE AND CONSPIRE TO ADVERTISE, DISTRIBUTE AND COLLECT CHILD PORNOGRAPHY

29. Based on my investigative experience related to child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know there are certain characteristics common to individuals who utilize internet forums to communicate and conspire with others to advertise, distribute, receive and collect images and videos of child pornography:

    a.    Individuals who conspire with others to advertise, distribute and collect child pornography may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged

        in sexual activity or in sexually suggestive poses, whether in person, in photographs, or other visual media; or from literature describing such activity.

b.    Individuals who conspire with others to advertise, distribute and collect child pornography may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

c.    Individuals who conspire with others to advertise, distribute and collect child pornography have been known to possess and maintain their "hard copies" of child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location. Individuals who have a sexual interest in children or images of children typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

d.    Likewise, individuals who conspire with others to advertise, distribute and collect child pornography often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area. These collections are often maintained for several years and are kept close by, usually at the collector's residence, to enable the individual to view the collection, which is valued highly.

e.    Individuals who conspire with others to advertise, distribute and view child pornography correspond with and/or meet others to share information and materials rarely destroy correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

f.    Individuals who would email others child pornography would have had to meet those individuals in other online forums designed to attract those interested in child pornography. These individuals gain knowledge each other's email addresses through online communication with others of similar interest on forums. Other forums, such as social networking sites, photo-sharing sites, bulletin boards, newsgroups, IRC chat or chat rooms have areas dedicated to the trafficking of child pornography images. Individuals who utilize these types of forums are considered more advanced users and therefore more experienced in acquiring a collection of child pornography.

g.  Individuals who conspire with others to advertise, distribute and collect child pornography prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world. Users will maintain their collections both off and online.

h.  Individuals who conspire with others to advertise, distribute and collect child pornography often utilize the same online account(s), such as an e-mail account, for an extended period of time to collect and distribute child pornography material. One of the reasons for this is to establish the account(s) as being known to other collectors and distributors of child pornography to foster the individual's ability to obtain child pornography material. Similar investigations involving the distribution of child pornography materials via e-mail have routinely identified individuals who have utilized the same e-mail account(s) for an extended period of time; many times, over a multiple-year period.

i.  Based on my knowledge, training, and experience in child exploitation and child pornography investigations, and the experience and training of other law enforcement officers with whom I have had discussions, collectors and distributors of child pornography often establish online accounts, such as e-mail accounts, that are distinct from accounts associated with their true identities. One of the reasons for this is to conceal their true identities from law enforcement.

## **CONCLUSION**

30.  Therefore, your affiant respectfully requests this Court to issue a search warrant authorizing the search of Google Drive accounts, **austinm3067@gmail.com, austinmac1988@gmail.com, austin.j.mcmahill@gmail.com, austinplusshaila@gmail.com,** which is controlled and maintained by Google, Inc., as described in Attachment A, to seize the evidence, fruits, and instrumentalities described in Attachment B, which individually or collectively constitute violation(s) of Title 18, United States Code, Sections 2251 (Production of Child Pornography) and 2252A(a)(4)(B) [Possession of Child Pornography] and (a)(5)(B) [Access with Intent to View Child Pornography].

Respectfully submitted,

*Thomas Wooten* (signature)

Thomas WOOTEN
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me

on ___12/15/17___ :

*Erin L. Wiedemann* (signature)

Erin L. Wiedemann
UNITED STATES MAGISTRATE JUDGE

15

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

This search warrant applies to all content and information contained in Google Drive accounts associated with the following email addresses: **austinm3067@gmail.com, austinmac1988@gmail.com, austin.j.mcmahill@gmail.com, austinplusshaila@gmail.com** that is stored at premises controlled by Google, Inc., a company that accepts service of legal process at its headquarters, located at 1600 Amphitheatre Parkway, Mountain View, California 74043.

## **ATTACHMENT B**

I.  **Information to be disclosed by Google, Inc. (the "Provider")**

Any images and videos maintained by Google connected to the Provider account(s) **austinm3067@gmail.com, austinmac1988@gmail.com, austin.j.mcmahill@gmail.com, austinplusshaila@gmail.com** but is still available to the Provider; or that has been preserved in that Provider account pursuant to a request made under 18 U.S.C. §2703(f). The Provider must disclose to the government the following content or information contained in Google G-Mail account austinm3067@gmail.com, austinmac1988@gmail.com, austin.j.mcmahill@gmail.com, and austinplusshaila@gmail.com:

a. All images and videos, including stored, deleted, or preserved copies of such, specifically including images with the original imbedded data (EXIF data), which is contained or linked to said accounts.

b. All documents containing information that: identifies the account, or account holder, to include full name, physical address, telephone numbers, and other identifiers; reveals session times and duration; establishes the date on which the account was created, and the IP address used to register the account; establishes log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. The types of service utilized;

d.  All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

e.  All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

f.  Any and all images of children engaged in sexually explicit conduct, including those posed in lascivious manners.

g.  Any and all images of pornography, more specifically including any images of individuals engaged in sexual activity.

**II.    Information to be seized by the government**

The government is authorized to seize only information described in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of Title 18, United States Code, Sections; 2251(a) [Production of Child Pornography]; 2252(a)(4)(B) [Possession of Child Pornography], including information pertaining to the following matters:

a.  Any and all videos connected to *austinm3067@gmail.com, austinmac1988@gmail.com, austin.j.mcmahill@gmail.com, austinplusshaila@gmail.com* .

b.  The identity and whereabouts of those persons who created, or used the Google Drive account linked to the emails identified in Attachment A.

**III.   Means of Production**

Google, Inc. shall disclose responsive data, if any, by sending to Homeland Security Investigations, C/O: Task Force Officer Thomas Wooten at 3419 North Plainview Avenue,

3

Fayetteville, Arkansas 72703 via U.S. Postal Service or another courier service, notwithstanding Title 18 U.S.C. 2252A or similar statute or code.